IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01175-PAB

RICHARD A. MCCRACKEN and
LUTHER S. MCCRACKEN,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP, f/k/a Country Wide Home Loan Servicing, LP,
BANK OF AMERICA HOME LOAN,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.,
CITY FIRST MORTGAGE SERVICES, LLC,
ROGER J. HOPP & ASSOCIATES,
HOPP LAW FIRM, LLC,
PAUL BROWN, Mesa County Public Trustee,
SHARON ENER, Mesa County Public Trustee,
BRAY REAL ESTATE,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
THE CASTLE LAW GROUP, LLC,
BRIAN J. FLYNN, District Court Judge,
BLANK ROME, LLP,
RICHARD T. GURLEY, District Court Judge,
DAVID ARNOLD BOTTGER, District Court Chief Judge,
CRAIG P. HENDERSON, District Court Judge,
BRUCE R. RAAUM, District Court Judge, and
JOHN DOES 1-10,

    Defendants.

## ORDER

    This matter is before the Court *sua sponte* on the Complaint [Docket No. 1] filed by plaintiffs Richard A. McCracken and Luther S. McCracken.  Plaintiffs allege that, on July 11, 2012, they participated in a court proceeding at the County Court for Mesa County, Colorado.  Docket No. 1 at 1.  Plaintiffs assert that, at the conclusion of this

hearing, the state court allowed defendants to proceed with foreclosure proceedings against plaintiffs' real property located at 2873 Sophia Way, Grand Junction, Colorado. *Id*. at 2.  Plaintiffs claim that, as a result of this hearing, their state and federal rights were violated because they were denied due process of law, denied their counsel of choice, and were not given the right to a trial by jury.  Docket No. 3 at 1.  Based on these events, plaintiffs allege that defendants violated their First, Fourth, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendment rights to the United States Constitution, as well as Article II §§ 6, 7, 10, 23, 25, and 28 of the Colorado Constitution.  Docket No. 1 at 1-2.  For relief, plaintiffs seek an award of $250,000 for actual damages and $250,000 in punitive damages against each defendant.  *Id*. at 3.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This pleading requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted).  Pursuant to Rule 8, courts do not "require heightened fact pleading of specifics," "but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  However, to state a constitutional claim, plaintiff must do more than simply state a conclusion or engage in artful pleading.  *Gee v. Pacheco*, 627 F.3d 1178, 1185-86 (10th Cir. 2010).  Rather, "the complaint must give the court reason to believe

that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Because plaintiffs are proceeding pro se, the Court construes their pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the proper function of the Court to assume the role of advocate for the pro se plaintiffs. *Hall*, 935 F.2d at 1110.

In this case, plaintiffs' complaint falls short of the pleading requirements imposed by Rule 8. The complaint does not provide factual allegations regarding the events that took place in the state court proceedings which allegedly led to violations of plaintiffs' rights. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (noting that it is "particularly important in [section 1983 claims] that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her"). In addition, the complaint does not describe the actions of each individual defendant and how those actions relate to the violations alleged in the complaint. *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (when a plaintiff uses "a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed"). Without supporting factual allegations, plaintiffs' complaint is wholly conclusory. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Because plaintiffs' complaint does not satisfy Rule 8(a)(2), the Court will dismiss plaintiffs' complaint without prejudice.  *See Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001) ("[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.") (brackets and internal quotation marks omitted)*; Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (When a complaint does not comply with Rule 8, the district court "has the power, on its own initiative . . . to dismiss the complaint").  The Court, however, will grant plaintiffs leave to file an amended complaint, which must explain in detail what each defendant did; when the defendant did it; how the defendant's action harmed plaintiffs; and, what specific legal right plaintiffs believe each individual defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *Gee*, 627 F.3d at 1195 (noting that dismissal of a pro se complaint is proper where it is obvious that plaintiff cannot prevail on the facts as alleged and it would be futile to give him an opportunity to amend).

Accordingly, it is

**ORDERED** that, no later than June 6, 2013, plaintiffs shall file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure.  It is further

**ORDERED** that the Entry of Final Judgment shall be stayed.  If plaintiffs do not file an amended complaint before June 6, 2013, the Clerk of the Court shall enter Final Judgment in favor of defendants and against plaintiffs and close this case in its entirety.

DATED May 7, 2013.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge